UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OTIS PETTIWAY, ) | |
| ) | |
| Petitioner, ) | Case No. 1:06-cv-132 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| CARMEN PALMER, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner's sole ground for habeas corpus relief clearly is without merit.

**Discussion**

I.  Factual allegations

Petitioner is incarcerated in the Deerfield Correctional Facility. Petitioner pled *nolo contendere* to involuntary manslaughter in the Wayne County Circuit Court. The trial court sentenced him on February 12, 2005, to imprisonment of three to fifteen years. Petitioner moved for re-sentencing on the ground that his sentence violated his Sixth Amendment rights under the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The trial court denied his motion on March 7, 2005. Petitioner raised the same claim on appeal in the Michigan appellate courts. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on June 23, 2005, and November 29, 2005, respectively. Petitioner now raises the same Sixth Amendment claim in his application for habeas corpus relief.

II.  Merits

Petitioner claims that the trial court violated his Sixth Amendment rights by scoring the sentencing guideline variables to increase the guideline range based upon facts that were not determined by the fact-finder beyond a reasonable doubt. Petitioner relies upon *Blakely v. Washington*, 542 U.S. 296 (2004), which held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for an offense beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Petitioner's reliance on *Blakely* is misplaced. *Blakely* involved a trial court's departure from the State of Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The trial judge does not

determine the maximum sentence; rather, it is set by law. *See People v. Claypool*, 470 Mich. 715, 730, n.14, 684 N.W.2d 278 (2004) (citing MICH. COMP. LAWS § 769.8). The minimum sentence for a defendant is based upon the applicable sentencing guidelines ranges. *Id.* Only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 470 Mich., at 730, n. 14, 684 N.W.2d 278. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to Michigan's indeterminate sentencing scheme, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. *See George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005). Accordingly, habeas relief is not warranted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the petition lacks merit on its face.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue warrants review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.* The Court finds that reasonable jurists could not find

that this Court's dismissal of Petitioner's Sixth Amendment claim was debatable or wrong for the reasons set forth above.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:     May 23, 2006             /s/ Gordon J. Quist
                                                      Gordon J. Quist
                                                      United States District Judge